OPINION
Defendant David Lee Miller appeals a judgment of the Court of Common Pleas of Richland County, which convicted and sentenced him for one count of gross sexual imposition in violation of R.C.2907.05, after he pled guilty. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A MAXIMUM CONSECUTIVE SENTENCE IN THIS MATTER.
The record indicates appellant admitted digitally penetrating his four year old daughter on at least two occasions. At the time of sentencing on this charge, appellant had already been sentenced in Holmes County Court of Common Pleas to ten to twenty-five years for the rape of his younger sister. The trial court reviewed the pre-sentence investigation and a report prepared by the Forensic Diagnostic Center. R.C. 2929.11 requires the court to be guided by the overriding purposes of protecting the public from future crime and punishing the offender. The court must tailor a sentence so as to achieve these two overriding purposes, making the sentence commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.12 states in pertinent part: (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense, related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to chapter 2151. Of the Revised Code or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to chapter 2151. Of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
(5) The offender shows no genuine remorse for the offense.
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) the offense was committed under circumstances not likely to recur.
(5) The offender shows genuine remorse for the offense.
In its sentencing entry of April 14, 1999, the trial court found appellant had caused physical harm to a person by means of a sex offense and was not amenable to community control. The court found prison is consistent with the factors listed in R.C. 2929.12 and the purpose of R.C. 2929.11, namely, to protect the public and punish the offender. The court found the harm caused was great or unusual, that appellant has committed the worst form of the offense, and posses the greatest likelihood of recidivism. The trial court concluded appellant should be sentenced to the maximum prison term to be served consecutively to the term of incarceration imposed by the Holmes County Common Pleas Court. Pursuant to R.C. 2953.08, this court upon hearing an appeal of the sentence may modify a sentence appealed from only if we clearly and convincingly find the record does not support the sentence or the sentence is contrary to law. We have reviewed the record in this case, and we find the trial court correctly articulated Ohio law and the record supports the trial court's conclusion it was appropriate to sentence appellant to the maximum term, consecutive to his other term of imprisonment. As the State points out, under the facts appellant has admitted, appellant could have been charged with rape, a more serious felony than gross sexual imposition. This, coupled with the companion case in Holmes County, and the statutory factors clearly support the trial court's decision.
The assignment of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, the cause is remanded to that court for execution of sentence.
By Gwin, J., Wise, P.J., and Farmer, J., concur